UNITED STATES of America, Plaintiff,

v.

David Lawrence BECKLEAN and Jack Henry Cordsen et al., Defendants.

Nos. 78–00092–01, 78–00092–02–CR–W–1–3.

United States District Court, W. D. Missouri, W. D.

Jan. 13, 1979.

Ronald Reed, U. S. Atty., Kansas City, Mo., for plaintiff.

Michael J. Drape and Thomas J. Cox, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER DENYING MOTION TO WITHDRAW GUILTY PLEAS

RUSSELL G. CLARK, District Judge.

This action came before the Court upon the joint motion of the defendants, David Lawrence Becklean and Jack Henry Cordsen, to withdraw their previously entered guilty pleas. Because of disputed allegations of fact, an evidentiary hearing on defendants' joint motion was held on January 9, 1979. For the reasons stated herein, the motion is denied.

## I. INTRODUCTION

Essentially, it is the contention of the defendants that under Rule 32(d), Federal Rules of Criminal Procedure, manifest injustice will result unless the Court permits them to withdraw their previously entered guilty pleas. As basis for their motion, defendants allege that the plea bargaining agreement which was entered into by the defendants and the United States District Attorney was not fulfilled. In particular, defendants allege that an element of the plea bargaining agreement under which they entered their pleas was that the United States District Attorney would not make a recommendation of sentence to the Court at sentencing. It is undisputed that Ms. Clark, Asst. U.S. District Attorney, did make a recommendation to the Court, but a factual dispute as to the exact terms of the agreement necessitated an evidentiary hearing. That issue of fact is resolved in favor of the United States as set forth in the following findings of fact.

## II. FINDINGS OF FACT

1. On April 27, 1978, a seventy-one page indictment in forty-eight counts was filed in the United States District Court for the Western District of Missouri. Defendant Becklean was charged in Counts 1–10, 12, 14–18, and 20–29. Defendant Cordsen was charged in Counts 1–3, 6–10, 13, 19 and 27. Three other defendants were also charged in the indictment. These charges alleged violations of 18 U.S.C. § 371 (conspiracy to commit offense or to defraud the United States); 18 U.S.C. § 1341 (mail fraud statute); and 18 U.S.C. § 1343 (wire fraud statute).

2. The Assistant United States District Attorney assigned to the case was Robert B. Schneider who was assisted by Cynthia Clark, also of the U.S. Dist. Attorney's office.

3. In May, 1978, Mr. Schneider recognized that due to the complexity of the case and the multiple defendants and counts, a lengthy trial would be necessitated. What is commonly referred to as a plea bargaining agreement was offered to the defendants. Essentially, that agreement was that if these defendants entered their guilty pleas to the conspiracy count and one count of the mail/wire fraud, and one other co-defendant entered his plea to Count 29 plus one count of mail/wire fraud, and if the defendants would exonerate the remaining co-defendant upon the record, the United States would agree to dismiss the remaining counts, seek dismissal of all counts against the exonerated co-defendant, not pursue an indictment concerning three other "corporate scams", and that at sentencing it would not make a recommendation to the Court as to possible sentences to be imposed.

4. The May plea offer was not accepted by the defendants on the proffered "all or none" basis.

5. In July, 1978, Mr. Schneider told Mr. Duncan, attorney for defendant Cordsen, in response to an inquiry as to a possible plea

arrangement that the "stakes had been raised" due to the previously rejected offer and the subsequent time devoted to trial preparation by the U.S. Dist. Attorney's office. Mr. Schneider outlined a second offer which included many of the same elements as the May offer, including the agreement that the U.S. would not make any recommendation at sentencing. However, Cordsen and Becklean would have to enter their guilty pleas to ten counts of the indictment. Again, the offer was rejected by the defendants.

6. Mr. Duncan in his affidavit attached to the defendants' motion states that in regard to these plea agreement offers, the government established cutoff dates after which the offers were terminated.

7. In the latter part of July or the first part of August, Mr. Schneider became involved in another complex criminal action and therefore turned over primary responsibility of the case to Ms. Clark.

8. Mr. David Palladino, an agent for the Federal Bureau of Investigation, testified that he and Ms. Clark worked daily in her offices throughout the months of July, August, and part of September in preparation for trial. He stated that he recalled one conversation in his presence wherein Ms. Clark told the attorneys for the defendants that the government was "going to trial" on the indictment.

9. Ms. Clark testified that she had told the defendants' attorneys that in regard to the previously extended plea offers that "the deal was off" and "everything is off" and "see you in court".

10. In September, 1978, the attorneys for the defendants and the government conferred concerning another plea arrangement. This discussion involved not only the possible number of counts to which the defendants would enter their pleas of guilty, but also the judge before whom the pleas were to be made.

11. On September 27, 1978, the defendants appeared before this Court and stated their intentions to change their pleas from innocent to guilty on several counts. A transcript of those proceedings was made and is hereby incorporated into these findings of fact.

12. On September 27, 1978, the defendant David Lawrence Becklean appeared with counsel before the Court for the announced intention of changing his plea of innocence on all counts to that of guilty on certain counts. The following transcribed dialogue took place:

THE COURT: Is there any plea bargain arrangement in this case?

MS. CLARK: Your Honor, only to the extent of the dismissal of the remaining counts of the indictment upon the sentencing of this defendant.

THE COURT: All right. Those counts that would be dismissed are Counts IX, XV and XVIII, is that correct?

MR. COX: There would be 11 counts to be dismissed, Your Honor.

MS. CLARK: He is named in 26 counts of the indictment.

THE COURT: All right. So that is the only agreement, that the balance would be dismissed?

MS. CLARK: That's right.

THE COURT: What motivated the government to arrive at that figure?

MS. CLARK: In the interests of saving the government a lot of money in bringing in suppliers bilked of the money from all over the United States.

THE COURT: Insofar as any plea bargain arrangement, Mr. Cox, has Ms. Clark correctly stated any agreement between defendant and the government?

MR. COX: She has stated it correctly, Your Honor, yes, sir.

THE COURT: On behalf of defendant, what motivated you to agree to that?

MR. COX: Based upon my understanding of the evidence, Your Honor, and discussing the case with the defendant, it was my judgment that this was a proper procedure for this defendant to take and I advised him so and he has decided to do this, Your Honor.

THE COURT: All right.

Mr. Becklean, do you concur with what your attorney has just said?

DEFENDANT BECKLEAN: Yes, Your Honor. [Tr. 12–13]

13. On September 27, 1978, the defendant Jack Henry Cordsen appeared with counsel before the Court for the announced intention of changing his plea of innocence on all counts to that of guilty on certain counts. The following transcribed dialogue took place:

THE COURT: Is there any plea bargain arrangement with regard to this defendant?

MS. CLARK: Cordsen is named in 13 counts of the indictment. We have agreed to dismiss the remaining counts after the plea is entered and at the time of sentencing only.

THE COURT: Mr. Duncan, do you agree as to the extent of any plea bargain agreement?

MR. DUNCAN: That is correct, Your Honor, that was the agreement.

THE COURT: Mr. Cordsen, is this your understanding of the agreement?

DEFENDANT CORDSEN: Yes, Your Honor. [Tr. 33–34]

14. On November 20, 1978, both defendants appeared with counsel before the Court for sentencing. Upon inquiry from the Court, Ms. Clark recommended a sentence of "25 years in the penitentiary and pay a $35,000 fine" as to defendant Becklean. The following transcribed dialogue took place:

THE COURT: Mr. Cox, do you have any statement that you would like to make by way of mitigating any sentence the court might see fit to impose?

MR. COX: At the time of negotiations for the plea, Your Honor, my recollection and Mr. Duncan's possibly is, also, that the government attorney advised that if we would plead guilty there would be no recommendations. Now all of a sudden, I find after we have entered into a plea bargain agreement where we would plead guilty to certain counts and the government, the government would dismiss certain counts and there would be no recommendation. But at the time of sentencing there is a recommendation, and I think that if that is the case it casts some serious doubts in my mind concerning this plea, because that was never discussed, never mentioned. In fact, no recommendation, is my recollection of the negotiation. And Mr. Reed was present, Mr. Duncan was present. Maybe my recollection is incorrect. It wasn't written down, it wasn't spelled out. But it concerns me now that at this stage that the government does have a recommendation.

That is prior to any other statement I might have. [Tr. 6–7]

15. Defendant Cordsen and his attorney were present during the sentencing of Becklean and the discussion among the parties concerning the disputed plea bargaining agreement. Defendant Cordsen was sentenced immediately after defendant Becklean. At the time of his sentencing, neither defendant Cordsen nor his attorney, Mr. Duncan, made any effort to withdraw their guilty plea nor in fact were any protests raised in the nature of Becklean's counsel's objections.

16. At the evidentiary hearing on this subject, neither attorney for these defendants testified unequivocally that one of the specific terms of the plea bargain agreement was that the United States would not make a recommendation at sentencing. Rather, both attorneys were of the "impression" that it was still an element of the agreement.

17. The defendants were also of the impression, as conveyed by their attorneys, that the government would not make any recommendations as to possible sentences to the Court.

18. At one time during the period prior to entry of his plea of guilty to some of the charges, defendant Becklean was willing to plead guilty to all of the charges in the indictment.

19. It is the express finding of the Court that the plea bargain agreement under which the defendants entered their pleas of guilty did not contain the agreement that the United States Attorney would not make a recommendation at time of sentencing.

20. The history of plea bargaining negotiations with these defendants was covered in considerable detail during the evidentiary hearing. Based upon that history, the Court finds that the defendants' beliefs that the United States District Attorney would make no recommendation as to sentencing did not play a substantial part in motivating these defendants to enter their pleas of guilty.

21. The undersigned was not influenced even in the slightest degree in determining an appropriate sentence by the recommendation of Ms. Clark. The government requested a twenty-five year sentence and a fine of $35,000. The Court sentenced both individuals to eight year sentences and fines totally $29,000.

## III. CONCLUSIONS OF LAW

Defendants' motions and suggestions in support thereof place great reliance upon the decision of *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In *Santobello,* the prosecutor in charge of the case negotiated a plea agreement which included the express agreement that there would be no sentence recommendation by the prosecution. At the time of sentencing, another prosecutor was assigned to the case and did in fact make a recommendation. The Court imposed a sentence which was identical to that recommended. On certiorari to the United States Supreme Court, the State did not contest the terms of the agreement. Therefore, the Court addressing itself to this crucial stage of criminal procedure stated:

> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a *promise or agreement of the prosecutor,* so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

In the instant case, the Court makes the express finding that the plea bargaining agreement under which these defendants entered their pleas of guilty did not contain the agreement that the United States would stand mute at sentencing. The misunderstanding, if any, was created by the impressions conveyed by the defendants' attorneys to their clients. Therefore, the legal dictates of *Santobello* are inapplicable.

Nor is this a situation where the sentences should be vacated and the defendants allowed to withdraw their guilty pleas to preserve the integrity of the United States in its dealings with those criminally charged.

■ The defendants' motion is made pursuant to Rule 32(d), Federal Rules of Criminal Procedure, which states that a motion to withdraw a plea of guilty may be made only before sentence is imposed, but:

> to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The legal question of whether manifest injustice will result absent permission to withdraw the previously entered plea of guilty is left to the sound discretion of the trial court. *Sherburne v. United States,* 433 F.2d 1350 (8th Cir. 1970). It is a more rigid standard than that utilized if the defendant moves for withdrawal prior to sentencing, for before sentencing:

> the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Kadwell v. United States,* 315 F.2d 667, 670 (9th Cir. 1963).

■ In determining whether "manifest injustice" will result, the Court may consider various factors, including the defendant's good faith, credibility, and the weight

of defendant's assertions. *Meyer v. United States,* 424 F.2d 1181, 1190 (8th Cir. 1970).

In examining the transcript, the dictates of Rule 11, Federal Rules of Criminal Procedure were followed. The Court directly inquired as to the existence of a plea bargaining agreement and was told that the complete agreement was set forth. Despite the opportunity to do so, the terms of the agreement were not disputed at that time. Mr. Duncan stated at the evidentiary hearing that often the complete terms of the agreement are not set forth to the Court. If this is true, then the dictates of Rule 11 become meaningless. Counsel for defendant could set forth that which they desire to disclose, place their ace up their sleeve to be utilized if disappointed with sentence, and later disclose their cards and obtain a withdrawal of their plea.

■ Because this is not a situation where the plea bargaining agreement was not kept by the prosecutor, the sole issue is whether the defendants' counsels false impressions of what were the exact terms of the agreement as conveyed to defendants lead to manifest injustice. Erroneous advice of counsel as to the penalty which could be imposed does not, in and of itself, lead to manifest injustice. *United States v. Scharf,* 568 F.2d 106 (8th Cir. 1978); *United States v. Cravatas,* 330 F.Supp. 91 (D.C. Conn.1971). If however, the guilty plea is entered into voluntarily solely because of the erroneous advice, or if it plays a *significant* part of the inducement, manifest injustice may result under the circumstances. See *United States v. I. H. Hammerman, II,* 528 F.2d 326 (4th Cir. 1975). Cases of disappointed expectations must be carefully distinguished from those in which the defendant's expectations are predicated upon promises by the prosecutor or statements by the court itself. See *United States v. Crusco,* 536 F.2d 21 (3rd Cir. 1976). Also distinguishable is the situation herein, where the expectation was not as to the severity of the sentence or the prospects of probation but only as to whether the prosecutor would stand mute at sentencing, and the Court was not influenced by the recommendation.

No manifest injustice exists herein to be rectified by granting defendants' motion. In conclusion, the Court finds that the defendants have failed their burden on the issue of demonstrating the existence of manifest injustice such as to set aside the judgment of conviction upon their guilty pleas. *Meyer v. United States,* 424 F.2d 1181 (8th Cir. 1970). The defendants' pleas were voluntarily and understandably made after properly being advised of all rights and the consequences of the plea. Manifest injustice did not result because of the defendants' expectation created by counsel that the government would not make a recommendation of sentence.

■ Finally, in their motion defendants asserted that one of the co-defendants had become an informer and had "infiltrated the defense". At the hearing this issue was laid to rest by the testimony of the former attorneys themselves, and the Court finds this issue against the defendants.

For the above stated reasons, it is hereby

ORDERED that the motion of the defendants to withdraw their guilty pleas upon vacation of sentences is denied; and it is further

ORDERED that the defendants are to report to the federal institution designated for incarceration at 10:00 a. m. on Tuesday, January 16, 1979.