UNITED STATES of America, Plaintiff,

v.

Stanley MARTELL, Defendant.

No. CR–79–54–GF.

United States District Court,
D. Montana,
Great Falls Division.

Sept. 19, 1983.

under the authority of 28 U.S.C. § 2255. This court, after finding that an evidentiary hearing was not necessary, denied defendant's motion. On review, the Ninth Circuit Court of Appeals ordered the case remanded for an evidentiary hearing, 696 F.2d 1004. Such hearing was commenced on April 4, 1983, and continued on April 6, 1983. After careful review of the entire record in this matter, including the testimony presented at the evidentiary hearing, the court makes the following findings and conclusions:

On December 18, 1979, defendant Stanley Martell was indicted on the charge of first degree murder, pursuant to 18 U.S.C. §§ 1153 and 1111. Also charged in the same indictment was Marvin Dean Taylor. Kenneth R. Olson was appointed to represent Martell, and proceeded to investigate and prepare the case. Ralph Randono was appointed to represent co-defendant Taylor.

Martell's primary concern was the maximum penalty he might receive should he agree to plead guilty to the reduced charge of second degree murder. Thus, Mr. Olson made inquiries of this court in an effort to obtain some indication concerning the sentence which might be imposed should the defendant plead guilty to the reduced charge. This court made the sole representation that "some consideration" would be given for defendant's plea. The court made absolutely no representations concerning the specific sentence which it would impose.

Based upon an evaluation of the case by a court-appointed investigator and by defense counsel, the latter recommended to Martell that he accept the plea agreement—a plea of guilty to second degree murder, in exchange for the charge reduction and, initially, no sentencing recommendation by the government. At the time when Martell changed his plea to guilty, he stated that he would have a difficult time refuting the evidence of his guilt.

Lorraine Gallinger, Asst. U.S. Atty., Billings, Mont., for plaintiff.

Robert Kampfer, Great Falls, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

### PROCEDURAL HISTORY

On April 4, 1980, the defendant, pursuant to a plea agreement, entered a plea of guilty to the reduced charge of second degree murder. On June 19, 1980, defendant was given a preliminary life sentence, and committed to the custody of the Attorney General for study and evaluation, pursuant to 18 U.S.C. §§ 4205(c) and (d), and 5010(e). Following the period of evaluation, defendant returned to this court and was sentenced to twenty (20) years' imprisonment. Approximately three months later, defendant filed a motion to vacate his sentence,

### DISCUSSION

Counsel have suggested, and this court agrees, that the pivotal issue in this case is

whether the defendant's plea was voluntary. Specifically, the issue narrows to a question of whether this defendant's plea was involuntary because it was somehow based upon the mistaken impression that his plea of guilty would yield a sentence of ten years or less. It is upon this alleged "guarantee" of a sentence not to exceed ten years that the defendant's motion to vacate his twenty year sentence is based.

■ It cannot be seriously disputed that a defendant's guilty plea is valid only if entered voluntarily, knowingly and intelligently. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968). The question of withdrawal of a plea is committed to the discretion of the trial court. *United States v. Navarro-Flores,* 628 F.2d 1178, 1183 (9th Cir.1980). While a plea entered involuntarily must be set aside, it is the duty of this court to carefully evaluate post-sentencing claims of involuntariness, because of the problems which can result from the withdrawal of a guilty plea after considerable time has elapsed. The critical task which this court must undertake in the present action is to evaluate the weight and credibility of the assertions which Martell raises in support of his § 2255 motion. *See, Meyer v. United States,* 424 F.2d 1181, 1190 (8th Cir.1970).

Rule 32(d) of the Federal Rules of Criminal Procedure provides that a court may, after sentencing, set aside a guilty plea upon a showing of "manifest injustice".[1] The reasons for the "manifest injustice" showing, which makes the withdrawal of a guilty plea after sentencing more difficult than withdrawal prior to sentencing, were well summarized by the Ninth Circuit:

Accordingly, Rule 32(d) imposes no limitation upon the withdrawal of a guilty plea *before* sentence is imposed, and such leave "should be freely allowed." On the other hand, withdrawal of a guilty plea *after* sentence is conditioned by Rule 32(d) upon a showing of "manifest injustice." This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process.

*Kadwell v. United States,* 315 F.2d 667, 670 (9th Cir.1963).

■ Several courts have taken a critical view of post-sentencing attempts to withdraw guilty pleas, where the government would be sufficiently prejudiced by the withdrawal due to the problems associated with trial delays. *See, e.g., United States v. Vasquez-Velasco,* 471 F.2d 294 (9th Cir. 1973), *cert. den.,* 411 U.S. 970, 93 S.Ct. 2163, 36 L.Ed.2d 692 (1973); *United States v. Kearney,* 684 F.2d 709 (10th Cir.1982). Clearly, disappointment in the sentence received is not a sufficient basis for withdrawal of a guilty plea. *Kadwell v. United States, supra,* 315 F.2d at 670 n. 11, and cases cited therein. It becomes the task of

---

1. While defendant's motion is filed pursuant to 28 U.S.C. § 2255, he requests by way of relief that he be allowed to withdraw his guilty plea and proceed to trial. Rule 32(d) of the Federal Rules of Criminal Procedure deals specifically with withdrawal of guilty pleas, and supplies the "manifest injustice" standard. Some courts have said that the "manifest injustice" standard provides the district court with greater leeway than § 2255, and thus "manifest injustice" analysis is not prejudicial to the defendant. *United States v. Kent,* 397 F.2d 446 (7th Cir.1968); *Meyer v. United States,* 424 F.2d 1181 (8th Cir.1970); *and see,* 8A MOORE'S FEDERAL PRACTICE, § 32.07[4], pp. 32–127—32–131. The Ninth Circuit view appears to be that the "manifest injustice" standard is no different from the showing needed to obtain § 2255 relief. *See, United States v. Harris,* 534 F.2d 141, 141 n. 1 (9th Cir.1976). In any event, if Martell were entitled to withdraw his guilty plea, this court would grant such relief, regardless of the authority under which he has chosen to proceed.

this court to ascertain whether this is a case of such disappointment, or whether the defendant has demonstrated through credible evidence that his guilty plea was actually the product of misapprehension. *See, United States v. Crusco,* 536 F.2d 21, 24 (3rd Cir.1976); *United States v. Becklean,* 464 F.Supp. 205 (W.D.Mo.1979), *aff'd,* 598 F.2d 1122 (8th Cir.1979), *cert. den.,* 444 U.S. 864, 100 S.Ct. 135, 62 L.Ed.2d 87 (1979). A request to withdraw a guilty plea induced by defense counsel's misrepresentations should be granted. *United States v. Marzgliano,* 588 F.2d 395 (3rd Cir.1978). Counsel's mere prediction, however, of the likely though ultimately unfulfilled consequences of a guilty plea will not taint an otherwise valid sentence. *Knight v. United States,* 611 F.2d 918, 922 (1st Cir.1979). After a thorough review of the record herein, this court is unable to conclude that Martell's plea was improperly induced or coerced by any individual or circumstance so as to deprive that plea of its voluntary nature.

■ The defendant in this action must show by objective evidence that he was justifiably confused by the terms of the bargain under which he agreed to plead guilty. *United States ex rel. Curtis v. Zelker,* 466 F.2d 1092, 1098 (2nd Cir.1972). Martell asserted at the April 6, 1983 evidentiary hearing that he changed his plea from not guilty to guilty in reliance upon an understanding, conveyed to him by his attorney, that he would receive a sentence of ten years or less. This testimony is consistent with the allegations of his § 2255 motion. A review of the events preceding, contemporaneous with, and subsequent to sentencing, however, tends to cast doubt upon petitioner's allegation that his plea was the product of confusion. Restated, because the court finds that under the facts and circumstances the defendant could not have reasonably believed that a sentence of ten years or less was guaranteed, Martell has failed in his burden of demonstrating, by credible evidence, that his plea of guilty should be set aside in order to correct a "manifest injustice".

Most crucial to this court's conclusion that the objective evidence belies Martell's present assertion that his guilty plea was based upon a mistaken impression as to sentence are two of his own pronouncements. First, at the time when he changed his plea, Martell stated unequivocally, in response to a personal inquiry from this court, that he understood that up to life imprisonment could be imposed for second degree murder. None of Martell's answers to the questions propounded by this court provide any indication, nor even an implication, that he in fact expected to receive no more than ten years' incarceration.

The most severe blow to the credibility of the defendant's current assertions is Martell's own sworn affidavit, prepared on December 1, 1980, in support of his motion to withdraw his guilty plea. That affidavit sets forth the substance of the plea bargain, and reads in pertinent part:

(5) That on or before March 31, 1980, affiant was informed by counsel that the government had offered to reduce the charge against him to second degree murder in exchange for a change of plea; that affiant was informed that the maximum penalty for either crime was life imprisonment; that affiant saw no advantage to a change of plea under those circumstances and asked counsel for some assurance that, in the event he changed his plea he would receive less than the maximum.

(6) That on or about March 31, 1980, counsel informed affiant that he had spoken with the presiding judge and that the judge had told him he would be given "consideration" for a voluntary plea; that counsel told affiant that, in counsel's opinion, this certainly implied that affiant would receive less than the maximum sentence allowable by law.

(7) That affiant relied on the representation of counsel concerning the "consideration" he would receive and reluctantly agreed to change his plea.

\* \* \* \* \* \*

(10) That the plea of guilty was not voluntarily given in that it was made

upon reliance upon the representation of counsel that affiant would receive "consideration" or a sentence, *less than the maximum,* upon a change of plea (emphasis supplied).

Now, nearly three years later, petitioner testifies that his plea was not voluntary because it was made in reliance upon his attorney's representation that he would receive no more than ten years' imprisonment. That testimony is inconsistent with the sworn affidavit prepared at the time of sentencing. This court, having observed the demeanor of each witness at the evidentiary hearing, including that of the defendant, simply does not find Martell's current contentions credible. Those contentions run contrary to the court's recollections, to those of the prosecutor, and to the recollections and sworn testimony of both defense counsel involved in this case. Martell would have this court find that he made no protestations about his twenty year sentence at the time that it was imposed because he was untrained in legal matters, found the atmosphere of the courtroom coercive, and felt he should not or could not speak out because that was his attorney's job. However, in a sworn statement, prepared outside the pressures of the courtroom, in the presence of his own attorney, Martell declared that he wished to withdraw his plea because he believed that plea would yield a sentence of less than life imprisonment, with no mention or even hint of a ten year ceiling.

As the United States Supreme Court noted in *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), the "solemn declarations in open court" of the defendant, his attorney, and the prosecutor, to the effect that no sentencing promises have been made, constitute a formidable barrier to a collateral attack on a guilty plea. *Id.,* at 73–4, 97 S.Ct. at 1628–1629. In the instant case, not only do we have the sentencing disclaimers by the parties, but we also have the affidavits of Martell and his attorney which state that Martell expected, as consideration for his plea, a sentence of less than life, consideration which he of course received. Under *Blackledge,* these

pronouncements are not fatal to defendant's § 2255 motion; instead, they are to be weighed along with the remainder of the record, against the allegations of the petition. This court has carefully weighed the evidence, and arrives at the conclusion that defendant's allegations are in no way supported by that evidence. Defendant having the burden of demonstrating "manifest injustice", and that showing being dependent upon defendant's credibility and the weight of his assertions, *United States v. Becklean, supra,* 464 F.Supp. at 209–210, the motion to set aside the sentence in this case must necessarily fail.

The court takes notice that defense counsel, the individual who allegedly assured Martell that he would receive no more than ten years, was at that time an attorney with more than six years' experience in the practice of law. Certainly most first-year law students are taught that criminal sentencing rests within the sole discretion of the court, and that consequently neither defense counsel nor the prosecutor has the authority to guarantee the severity of a sentence. The fundamental nature of this principle, that sentencing is the province of the court, coupled with defense counsel's experience, renders less than credible defendant's assertion that his attorney promised him that his guilty plea would yield no more than a ten year sentence. That Martell actually believed he would get no more than ten years is even less likely given the brutal nature of this offense, and his assurances to the court that he understood that a sentence of life imprisonment could be imposed.

Martell's contention that his attorney made the ten years or less sentencing representation runs directly contrary to that attorney's statement, at the April 4, 1980 change of plea hearing:

I have had the same kind of conversation with Mr. Martell Mr. Randono had with Mr. Taylor concerning the possibility regarding sentence. I have also informed him when I asked him the advantage of pleading guilty to this charge as opposed

to pleading guilty to first degree murder, when the maximum is the same, I informed the man that the usual situation is that a person who is convicted of second degree murder is usually sentenced to a lesser sentence than someone who is convicted of first degree murder. And I think that is one thing we have discussed and we have discussed the possibilities of sentencing *although no promises have been made to this defendant.* And one other point with regard to sentencing, I have represented to him that I would ask the court to treat him under the Youth Corrections Act at the proper time. *Those are the representations I have made to him with regard to sentencing,* Your Honor.[2] (emphasis supplied).

Three years later, defense counsel's testimony at the evidentiary hearing was consistent with the "no promises" statement, excerpted above, which was made at the time of Martell's change of plea:

> A. (By defense counsel Olson) The only specifics (regarding number of years Martell might receive) that were given were the averages (average sentence for this offense), whatever they were.
>
> Q. Do you recall specifically saying at one point he could get ten years or the average might be ten years or something to that effect?
>
> A. I'm sure I told him what the averages were. I'm sure I also explained to him that *what he got was going to be based on the pre-sentence report,* and how much time he spent would be based on that to some extent, and how he performed within the prison system. (emphasis supplied).
>
> Q. So it is possible that a specific term of ten years, in some context, other than

a guaranteed number, may have been mentioned?

> A. Sure, those averages were mentioned. Seems to me that one or the other of them was in the vicinity of ten years, *but I never promised him that anybody indicated he was going to get ten years.* (parenthetical added; emphasis supplied).

The record in this case discloses that Martell's decision to attempt to withdraw his guilty plea was made *prior* to the imposition of final sentence, and was made while Martell was completing the period of evaluation. The defendant's proposed findings of fact support this conclusion. In fact, Martell's testimony at the evidentiary hearing indicates that it was his belief in his innocence, rather than his dissatisfaction with the twenty year sentence, which prompted his desire to change his plea.[3] Again, the credibility of Martell's current assertions appears dubious, in the face of evidence which indicates that something other than the perception of a broken sentencing promise prompted the defendant's desire to withdraw his plea.

The record in this case also fails to support Martell's assertion that his attorney sabotaged his efforts to withdraw his plea by informing the court, against his client's wishes, that Martell would not seek to withdraw if a sentence of no more than twenty years was imposed. Defense counsel's statements at final sentencing, along with Martell's answers in response to extensive questioning at the evidentiary hearing, suggest that while he had an opportunity to protest his sentence and the withdrawal of his plea, he did not do so because he fully understood that the government was offering a sentencing recommendation of twenty years in exchange for a withdrawal of his motion. The court is unable to accept the

---

**2.** Concerning the conversation to which Olson referred, that being between Attorney Randono and co-defendant Taylor, the record indicates that Randono advised his client that second degree murder usually yields a less severe sentence than first degree murder. He also told Taylor that the maximum sentence was life imprisonment, and told the court that he made no representations to Taylor concerning the

sentence he would receive. As defense counsel Olson told the court, these same facts regarding sentencing were related by him to Martell.

**3.** Martell did admit at his change of plea hearing that he would have a difficult time refuting the government's case.

defendant's contention that he stood silent, in face of all the unfulfilled promises and ineffective legal representation he is alleging, because he didn't know that he could speak out. He had ample opportunity to protest, and failed to do so. His silence at the time of the alleged wrongdoing is probative evidence which casts considerable doubt on the allegations in his § 2255 motion.

## CONCLUSION

■ In summary, this court finds upon a review of the record, after an opportunity to observe the demeanor of the witnesses at the evidentiary hearing, that Martell has failed to demonstrate cause for allowing him to withdraw his guilty plea. As noted above, for a motion to withdraw a guilty plea to be successful, the allegations must appear credible when judged by the objective evidence presented.

For the reasons set forth above, the court finds that Martell's plea was voluntary, since he could not have reasonably believed that the prosecutor had guaranteed his attorney that Martell would receive no more than ten years. Defense counsel denied, both at the time of sentencing and at the recent evidentiary hearing, that any promises were made to the defendant regarding sentencing. Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion to vacate sentence, pursuant to 28 U.S.C. § 2255, is DENIED.