504

UNITED STATES of America, Plaintiff,

v.

Mark RASHKOW and Seymour
Jacobson, Defendants.

No. 84 CR 683.

United States District Court,
N.D. Illinois, E.D.

Jan. 7, 1985.

Ted Helwig, Thomas Durkin, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Thomas R. Mulroy, Richard P. Steinken, Jenner & Block, Chicago, Ill., for defendant Mark Rashkow.

David M. Schneider, Marvin Leavitt, Leavitt & Schneider, Chicago, Ill., for defendant Seymour Jacobson.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

In an indictment handed down in September of 1984, defendant Mark Rashkow ("Rashkow") was charged, along with co-defendant Seymour Jacobson, with one count of conspiracy to distribute cocaine and three counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). The defendants entered pleas of not guilty to each count of the indictment at their arraignment on October 2, 1984, and their trial was scheduled for November 5, 1984. However, when the cause was called for trial on November 5, the defendants advised the Court that they wished to withdraw their pleas of not guilty and enter guilty pleas to all counts of the indictment. The Court informed the defendants of their rights under the law, and they persisted in their voluntary pleas of guilty. The Court

then found the defendants guilty on all four counts of the indictment and set their sentencing hearing for January 10, 1985. Presently before the Court is Rashkow's motion for leave to withdraw his guilty plea filed January 3, 1985. For the reasons set forth below, Rashkow's motion is denied.

Rule 32(d) of the Federal Rules of Criminal Procedure provides that the district court may permit withdrawal of a guilty plea "upon a showing by the defendant of any fair and just reason." However, withdrawal of a plea before sentencing is not an absolute right but is a matter within the broad discretion of the court. *E.g.*, *United States v. Thompson*, 680 F.2d 1145, 1151 (7th Cir.1982), *cert. denied sub nom. Williams v. United States*, 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982); *United States v. Wright*, 407 F.2d 952, 954 (7th Cir.1969). In opposing the defendant's attempt to withdraw a guilty plea, the government is not required to show prejudice. *Thompson*, 680 F.2d at 1150; *United States v. Saft*, 558 F.2d 1073, 1083 (2d Cir.1977). Where the government can show prejudice, though, the court should weigh that prejudice against the defendant's reasons for seeking withdrawal. *United States v. Strauss*, 563 F.2d 127, 131 (4th Cir.1977); *United States v. Savage*, 561 F.2d 554, 556–57 (4th Cir.1977). In addition to any prejudice to the government, the court may also consider the defendant's good faith, credibility and the weight of his assertions. *United States v. Becklean*, 464 F.Supp. 205, 209–10 (W.D. Mo.1979), *aff'd*, 598 F.2d 1122 (8th Cir. 1979), *cert. denied*, 444 U.S. 864, 100 S.Ct. 135, 62 L.Ed.2d 87 (1979).

In this case, Rashkow states that he desires to withdraw his guilty plea because one or two previously unavailable witnesses are now available and willing to testify on his behalf at trial, thus enabling him to present a viable entrapment defense. Rashkow claims that withdrawal of his guilty plea will not prejudice the government because Rashkow informed the government before the original trial date of his plans to raise an entrapment defense and because "the few witnesses which the government originally intended to call at trial are still available to it."

The government disagrees strongly with this latter claim. It argues that it would be prejudiced substantially if Rashkow were allowed to withdraw his guilty plea now, because one of the key government witnesses was recently shot in the head and will never be able to testify against Rashkow.[1] Thus, the government contends that it would not be "fair and just" to allow Rashkow to withdraw his guilty plea.

We agree with the government that the prejudice to its case justifies denial of Rashkow's motion. Other courts have properly denied a defendant's motion to withdraw a guilty plea where government witnesses were no longer available or the government otherwise demonstrated substantial prejudice. *Government of the Virgin Islands v. Berry*, 631 F.2d 214, 221–22 (3d Cir.1980); *United States v. Carden*, 599 F.2d 1320, 1322 (4th Cir.1979), *cert. denied*, 444 U.S. 874, 100 S.Ct. 156, 62 L.Ed.2d 101 (1979); *United States v. DeCavalcante*, 449 F.2d 139, 141 (3d Cir.1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972).

Although the prejudice to the government is dispositive of Rashkow's motion, we also note various factors which impair Rashkow's credibility. In addition to the obvious inaccuracy of the claim that all the government's witnesses are still available to testify, Rashkow's affidavit does not square well with the motion drafted by his attorneys. The motion explains Rashkow's changes in pleas by stressing the availability of witnesses who would support an entrapment defense. The affidavit, on the other hand, says almost nothing about witnesses. Rather, Rashkow states that he pled guilty because he was afraid of being

---

**1.** It is unclear whether the witness' injury was self-inflicted or caused by another, but there is no question that he will be unavailable to testify at trial or that Rashkow knew about the witness' unavailability when he presented his motion to the Court.

sentenced to jail, and he believed he had a better chance of receiving a lesser sentence if he pled guilty. Rashkow explains his desire to withdraw his guilty plea more as a change of heart than a change in availability of defense witnesses. Other inconsistencies arose in open court on January 4, 1985, during the hearing of Rashkow's motion. Contrary to the assertion of his attorney, Rashkow has in fact been interviewed already by probation authorities, and the presentence investigation of his case has been completed. Considered together, these misstatements and inconsistencies certainly do nothing to enhance Rashkow's credibility.

Accordingly, Rashkow's motion for leave to withdraw his guilty plea is denied. It is so ordered.