**UNITED STATES of America, Plaintiff,**

v.

**Mark RASHKOW and Seymour Jacobson, Defendants.**

**No. 84 CR 683.**

United States District Court, N.D. Illinois, E.D.

Jan. 14, 1985.

Ted Helwig, Thomas Durkin, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Thomas R. Mulroy, Richard P. Steinken, Jenner & Block, Chicago, Ill., for defendant Mark Rashkow.

David M. Schneider, Marvin Leavitt, Leavitt & Schneider, Chicago, Ill., for defendant Seymour Jacobsen.

### MEMORANDUM ORDER

ASPEN, District Judge.

In a memorandum opinion and order dated January 7, 1985, 601 F.Supp. 504, the Court denied the motion of defendant Mark Rashkow ("Rashkow") for leave to withdraw his guilty plea. Rashkow has since filed a motion to correct and clarify the

record, in order "to present an accurate representation of the facts of this case." Rashkow's motion is hereby granted, and we supplement the January 7 opinion with the following statements.

Rashkow argues that the government will not be prejudiced by the unavailability of a witness who was shot in the head recently because the government repeatedly represented to Rashkow's attorneys that it did not intend to call that witness at trial. However, the government stated to the Court in the January 4, 1985 hearing on Rashkow's motion, "Mr. Gordon knows a lot of the details of Mr. Rashkow's prior involvement in drugs, and now he wants to present an entrapment defense when the Government's no longer able to bring in Mr. Gordon." It is therefore apparent that although the government did not plan to call Gordon as a witness in its case in chief, Gordon *would* be an important witness in rebutting Rashkow's entrapment defense. Even assuming that the government made representations about not calling Gordon, and assuming further that the government has known for some time that Rashkow planned to raise an entrapment defense, the government nevertheless could not be precluded from calling Gordon as a rebuttal witness—where Gordon's testimony became essential to rebut evidence presented by Rashkow in his defense. Thus, the government still would be prejudiced if Rashkow were allowed to withdraw his guilty plea and present an entrapment defense at trial.

Rashkow also explains why his attorney told the Court at the January 4 hearing that he did not "believe that the probation officer ever sat down with Mr. Rashkow and talked to him about the events" and that the presentence "report on Mr. Rashkow is not completed," when actually the contrary was true. It seems that Rashkow's counsel was told on December 28, 1984, that the presentence report had not been completed yet and that the probation officer would inform them of the report's availability. When Rashkow's attorney spoke in court on January 4, the probation

officer had not yet reached him with the message that the report was completed. In fact, the probation officer called Rashkow's counsel with that message *while* he was appearing before the Court on Rashkow's motion. The foregoing shows that Rashkow's attorney did not make the misstatements about the presentence report intentionally. The attorney's statements were nonetheless incorrect, as the report had been completed on January 3. Rashkow's attorney's "belief," stated in Court on January 4, that the probation officer never "sat down with Mr. Rashkow and talked to him about the events" is also incorrect. On January 4 the probation officer advised the Court that he had indeed conducted a full interview with Rashkow. The probation report itself documents that such an interview took place.

For the foregoing reasons, Rashkow's motion to correct and clarify the record is granted in the manner as indicated in this opinion. Rashkow has also moved this Court to reconsider our January 7 order denying him leave to withdraw his guilty plea. Since our clarification of the record does not dictate a different disposition of our January 7 order, Rashkow's motion to reconsider is denied. It is so ordered.