UNITED STATES of America, Plaintiff,

v.

Edward O. MESSER, Jr., and Karen (McKenna) Messer, Defendants.

No. CR 84–11–M–CCL.

United States District Court, D. Montana, Missoula Division.

Oct. 30, 1986.

Robert L. Zimmerman, Billings, Mont., for plaintiff.

Bernard J. Goldman, Missoula, Mont., Harris Sperber, Sperber & Goldberg, Miami, Fla., for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

On April 18, 1984, an indictment was filed charging the above named defendants with income tax evasion, in violation of 26 U.S.C. § 7201, and with conspiracy to defraud the United States government, in violation of 18 U.S.C. § 371. Subsequently a plea agreement was reached, by the terms of which defendant Edward Messer agreed to plead guilty to one count of tax evasion in return for dismissal of the other charges against him, and the government agreed to dismiss the indictment against defendant Karen McKenna Messer and to file an amended information charging her with misdemeanor failure to file returns.

Both defendants appeared in open court on September 18, 1984, for the purpose of entering their pleas. Karen Messer was arraigned on the information and entered a plea of guilty. Edward Messer then entered a plea of guilty to Count Two of the indictment. On November 19, 1984, following submission of a presentence investigation report and hearing, Edward Messer was sentenced to incarceration for a term of five years.

After the court denied his motions to withdraw the plea, to set aside the judgment, and to modify the sentence, Edward Messer appealed.

The Court of Appeals reversed and remanded for resentencing. *United States v. Messer,* 785 F.2d 832 (9th Cir.1986). Thereafter, the Hon. Russell E. Smith recused himself and the case was assigned to the undersigned. A sentencing date was set, and two continuances granted at defendant's request. Defendant then filed a motion to withdraw his plea of guilty or to vacate his plea of guilty and the judgment of conviction thereon.

■ Defendant's motion to withdraw the plea is made pursuant to Rule 32(d), Fed.R. Crim.P., which allows the court to permit withdrawal if the motion is made prior to sentencing. The motion to vacate is brought under 28 U.S.C. § 2255, the federal habeas corpus statute. Because the sentence previously imposed has been vacated, the Court will treat the case procedurally as if sentence had never been imposed, and thus will consider the motion pursuant to Rule 32(d). Section 2255 is the proper avenue for collateral attack in a separate proceeding, and not as part and parcel of the criminal action. Thus, the Court is without jurisdiction to consider defendant's motion to vacate the plea and conviction.

In support of his motion to withdraw his plea of guilty, defendant asserts that the plea was involuntary, induced by his attorney's false promises of probation, and the product of ineffective assistance of counsel. Defendant claims that his then-attorney, Mark R. Baer, did not investigate defendant's case and fraudulently promised him he would receive probation. Defendant further asserts that Baer voluntarily turned in his permanent resignation from the Florida State Bar Association in March 1986, thereby forfeiting his license to practice law, and that defendant was but a "victim" of Baer's deception and incompetence.

A plea of guilty, being a waiver of several fundamental constitutional rights, must be a knowing, intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970).

To assist in evaluating the relative advantages and disadvantages of pleading guilty, attorneys "have a duty to supply criminal defendants with necessary and accurate information." *Iaea v. Sunn,* 800 F.2d 861, 865 (9th Cir.1986).

■ Although withdrawal of a plea before sentencing is freely granted when there is a "fair and just" reason for withdrawal, the burden of showing such a reason rests with the defendant. *United States v. Read,* 778 F.2d 1437, 1440 (9th Cir.1985).

Where a defendant challenges the validity of his guilty plea based upon a claim of ineffective assistance of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart,* 474 U.S. ——, ——, 106 S. Ct. 366, 368, 88 L.Ed.2d 203, 208 (1985). The Supreme Court in *Hill* extended the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to challenges to guilty pleas based on ineffective assistance of counsel. *Id.* at ——, 106 S.Ct. at 370, 80 L.Ed.2d at 210. Thus, to succeed on his claim of ineffective assistance, the defendant must show that Baer's representation "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 687–688, 694, 104 S.Ct. at 2065, 2068.

Applied to a guilty plea, the "prejudice" element of the *Strickland* test focuses on whether counsel's constitutionally deficient performance affected the outcome of the plea process. *Hill,* 474 U.S. at ——, 106 S.Ct. 370, 88 L.Ed.2d at 210. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

The initial inquiry, then, is whether Baer's representation fell below the range of competence demanded of attorneys in criminal cases. At the outset, the Court notes that an attorney's suspension or disbarment does not, without more, rise to the constitutional significance of ineffective assistance of counsel under the Sixth Amendment. *United States v. Mouzin*, 785 F.2d 682, 696–697 (9th Cir.1986). "Rather, a defendant must ordinarily point to specific conduct which prejudiced him in order to raise the constitutional claim." *Id.*

Defendant has submitted the affidavits of his father, his mother, and his brother, each indicating that Baer guaranteed probation for the defendant, and told the family members that the case was a "piece of cake." Defendant's brother further indicates that Baer received a box of papers pertaining to the case, and never reviewed them with the defendant. These allegations are supported by an affidavit from Baer himself, in which he states that the defendant and his family could have expected "nothing worse than probation," and that he did not review the discovery in the case.

A mere inaccurate prediction of the sentence a defendant may receive, standing alone, does not constitute ineffective assistance of counsel. *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir.1970). "An attorney's 'bad guess' as to sentencing does not justify the withdrawal of a guilty plea and is no reason to invalidate a plea." *Little v. Allsbrook*, 731 F.2d 238, 241 (4th Cir.1984). *See also United States v. Martell*, 572 F.Supp. 110, 113 (D.Mont.1983), *aff'd without opinion*, 742 F.2d 1463 (9th Cir.1984), *cert. denied*, 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832. On the other hand, gross mischaracterization of the likely outcome, combined with erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys. *Iaea v. Sunn*, 800 F.2d at 865.

In *Iaea v. Sunn*, a section 2255 challenge to the conviction, the defendant had entered a plea of guilty based upon his attorney's erroneous representations about sentencing. The attorney erroneously advised the defendant that he was subject to the state's minimum sentencing statute. That provision did not apply to the defendant, but the attorney nonetheless secured a promise from the prosecutor, as part of the plea agreement, not to ask for minimum sentencing. Additionally, counsel advised the defendant that the likelihood of a life sentence was practically non-existent and that he might receive probation, in the face of the prosecutor's comments that he would press for extended sentencing. Because of these misrepresentations of the law and of the facts, the Appeals Court found counsel's performance constitutionally deficient, and remanded for an evidentiary hearing on the issue of prejudice. *Iaea*, 800 F.2d at 865–866.

In *United States v. Martell*, the defendant sought to vacate his sentence on the ground that his guilty plea was induced by false promises of his attorney. The basis for the motion was counsel's alleged "guarantee" that the defendant would receive a maximum sentence of ten years because of the court's indication that he would receive "some consideration" for his guilty plea. Observing that "disappointment in the sentence received is not a sufficient basis for withdrawal of a guilty plea," the court found that defendant's plea had not been the product of misapprehension. *Martell*, 572 F.Supp. at 112–113. In part, the court relied on the defendant's responses to the court's inquiries at the time the plea was entered. Defendant indicated in open court that he understood the maximum sentence that could be imposed, and at no time indicated that he in fact expected to receive no more than ten years' incarceration. *Id.* The court further found that defense counsel had not promised defendant that his sentence would not exceed ten years. *Id.*

This case presents a factual situation of attorney conduct more culpable than that in *Martell*, but less egregious than that in *Iaea*. Here, defense counsel did not misrepresent the actual status of the law or existence of facts to the defend-

ant, in terms of what principles would govern the sentence he was to receive. It does appear, however, that Baer made assurances to the defendant's family that he would receive probation. There is nothing in the affidavits presented which indicates whether these assurances were made directly to the defendant. The Court, however, assumes that they were, based upon Baer's affidavit stating that defendant "could reasonably have expected nothing worse than probation." Based upon the fundamental precept that criminal sentencing rests within the sole discretion of the court, this promise, if truly made and relied upon by defendant in entering his guilty plea, falls below the level of competence demanded of defense counsel in criminal cases.

 Defendant's second claim is that Baer failed to conduct any pretrial investigation or to properly prepare for trial. Failure to interview witnesses or to obtain discovery materials does not constitute ineffective assistance if defense counsel is otherwise fairly informed of the facts and circumstances of the case by his own discovery methods and thereafter bases his advice on strategy. *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir.1986). It appears evident in this case that Baer at least did not review the discovery provided him; it is also alleged that he spent only two hours in pretrial preparation with the defendant. Baer's failure to even review documents of discovery provided by the government clearly constitutes deficient performance in defending a criminal case. An objective standard of reasonableness cannot support an attorney's failure to familiarize himself with the facts of the case he is defending. *Eggleston*, 798 F.2d at 376.

The Court's inquiry does not end with a determination that counsel's performance in this case fell below a level of reasonable competence. The second prong of the *Strickland* test requires the defendant to show prejudice. The defendant must show that he would not have entered a plea of guilty but for the errors of his attorney.

The Supreme Court has stated that where the alleged error of counsel is a failure to investigate or conduct discovery,

the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Hill v. Lockhart*, 474 U.S. at ——, 106 S.Ct. at 470, 88 L.Ed.2d at 210. Defendant has not even intimated that the discovery which Baer failed to review contained any information which would have assisted in the defense. On the contrary, it appears that the government had substantial evidence upon which to secure a conviction. The United States attorney, during the plea proceedings, indicated the government's proof would include evidence that defendant had taxable income but filed no tax return for the year 1978; that defendant obtained traveler's checks or cashier's checks under a fictitious name; that defendant submitted a false social security number for the purpose of defeating the tax system; and witnesses who had knowledge of defendant's unreported income. Transcript of Proceedings, September 18, 1984, at 18–19 (hereinafter referred to as Tr. I).

Defendant claims that Baer's promise of probation rendered his plea involuntary. Again, defendant has failed to allege prejudice as a result of Baer's deficiencies. Additionally, the record does not support defendant's claim of involuntariness.

At the time of entry of plea, the court reminded defendant of the maximum sentence he faced, and that the court was free to impose punishment within those limits. Tr. I at 17. Defendant was represented by two attorneys during the hearing, Mr. Baer and Mr. Bernard J. Goldman as local counsel. The court inquired of each counsel whether there was any reason the plea should not be accepted. Tr. I at 18. The

United States Attorney was called upon to recite what the government would prove at the time of trial, following which the defendant agreed that those facts were true. Tr. I at 19. The court specifically inquired of defendant whether any threats had been made to him, to which the response was negative, and made a finding that no promises had been made to him other than those set forth in the plea agreement. *Id.* Upon inquiry, the defendant, as well as Mr. Goldman and Mr. Baer, stated that there were no exceptions to those findings. *Id.* This exchange between the court, counsel and defendant indicates that the plea was in fact knowingly and intelligently made. Defendant at no time suggested that any promises had been made to him with respect to sentencing.

In addition, defendant reiterated his guilt at the time of sentencing. Upon questioning by the United States attorney, directed to defendant's source of income, defendant indicated that he operated a subcontracting business in Florida; he further stated that he filed no income tax returns on behalf of that business, and that that was why he pleaded guilty. Transcript of Proceedings, November 19, 1984, at 57 (hereinafter referred to as Tr. II).

"[T]he 'solemn declarations in open court' of the defendant, his attorney, and the prosecutor, to the effect that no sentencing promises have been made constitute a formidable barrier to a collateral attack on a guilty plea." *Martell,* 572 F.Supp. at 114, *quoting Blackledge v. Allison,* 431 U.S. 63, 73–4, 97 S.Ct. 1621, 1628–29, 52 L.Ed.2d 136 (1977). This case, although not technically a collateral attack on defendant's guilty plea, involves unusual factual circumstances similar to collateral proceedings.

When a defendant seeks to withdraw his plea prior to sentencing, leave should be freely allowed, because the inconvenience to the court and prosecution is ordinarily slight compared with the public interest in protecting the right of the accused to trial by jury. *Kadwell v. United States,* 315

F.2d 667, 670 (9th Cir.1963). On the other hand,

> if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process.

*Id. Accord, United States v. Martell,* 572 F.Supp. at 112.

Defendant here has the advantage of moving to withdraw his plea both before *and* after sentence is imposed. The concern about discouraging a defendant from challenging the plea process where he finds the sentence unexpectedly severe is properly taken into account in applying the "fair and just" standard to a pre-sentence motion made by a defendant who has reason to believe his sentence will be more severe than he anticipated at the time of his guilty plea. *See United States v. McKoy,* 645 F.2d 1037, 1040 n. 3 (D.C.Cir.1981).

■ Considering the fact that defendant's sentence was much more severe than he had anticipated, together with defendant's failure to allege prejudice from the errors of his counsel and the likelihood that he could not show the prejudice required by the *Strickland* test, the Court finds no just or fair reason to allow him to withdraw his plea at this stage of the proceedings.

Ordinarily, if a defendant claims that but for his attorney's errors he would have insisted on going to trial, the Court would hold an evidentiary hearing for the purpose of determining whether there is a reasonable probability defendant would not have pleaded guilty absent his counsel's erroneous advice. *See Iaea v. Sunn,* 800 F.2d at 866. The test of prejudice is, however, to be applied objectively, "without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Hill,* 474 U.S. at —, 106 S.Ct. at 471, 88 L.Ed.2d at 211. Defendant's motion, brief, and supporting affidavits are devoid of any suggestion that

710

Baer's performance in any way affected the outcome of the plea process, or of even a hint that defendant reasonably would have persisted in a plea of not guilty absent counsel's errors. Without any such allegation, and based upon the evidence in the record, the Court finds no basis for allowing defendant to withdraw his plea, and concludes that the plea was entered voluntarily and as an intelligent choice among the alternative courses of action open to the defendant.

Therefore, IT IS HEREBY ORDERED:

1. Defendant's motions to withdraw or vacate his plea of guilty are DENIED.

2. Sentencing is set for Monday, December 1, 1986, at 1:30 p.m., in the courtroom of the United States Courthouse, Helena, Montana.

3. A presentence investigation report is requested of the United States Probation Office, to be submitted no later than 72 hours prior to the time set for sentencing.