JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Oladayo Okogie ("defendant"), appeals the trial court's denial of his post-sentencing motion to withdraw his guilty plea without an evidentiary hearing. For the reasons that follow, we affirm.
 {¶ 2} In Case No. CR-449337, defendant pled guilty to theft, a felony of the fifth degree. In Case No. CR-449634, defendant pled guilty to bribery, a felony of the third degree. Prior to accepting the guilty pleas, the trial court specifically advised defendant of the potential range of prison terms. The trial court inquired of defendant, at least twice, as to whether any threats or promises had been made to him in exchange for his pleas. Defendant repeatedly denied receiving any threats or promises. The trial court imposed concurrent prison terms, totaling two years. Defendant filed a post-sentence motion to withdraw his guilty pleas, which the trial court denied and is now the subject of this appeal. Defendant's sole assignment of error states as follows:
 {¶ 3} "I. The trial court erred in failing to conduct an evidentiary hearing to investigate the claims made in appellant's motion to withdraw his guilty plea."
 {¶ 4} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which state:
 {¶ 5} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 6} Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. State v. Smith (1977),49 Ohio St.2d 261. This Court has stated that "[a] manifest injustice is defined as a `clear or openly unjust act.' * * * `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." Statev. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502.
 {¶ 7} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith,
supra at paragraph 2 of the syllabus.[1] Our review is limited such that we cannot reverse the trial court's denial of the motion unless we find that the ruling was an abuse of discretion. Id.
 {¶ 8} The trial court need not hold an evidentiary hearing on the post-sentence motion to withdraw a guilty plea if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v. Russ Cuyahoga App. No. 81580, 2003-Ohio-1001 [citations omitted].
 {¶ 9} "The trial court cannot grant a motion to withdraw a plea based upon an affidavit which directly contradict[s] the record." State v. Yearby (Jan. 24, 2002), Cuyahoga App. 79000, citing State v. Winters (July 20, 1998), Licking App. No. 97CA144.
 {¶ 10} The basis of defendant's motion to withdraw his guilty plea is contained in defendant's affidavit that was attached to the motion. In the affidavit, defendant avers that defense counsel allegedly promised he would receive probation if he pled guilty. This totally contradicts the record, including the trial court's explanation of potential sentences and defendant's own statements. Accordingly, the trial court could not have granted the motion to withdraw based on defendant's affidavit, which contradicted the record.
 {¶ 11} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., Concur.
[1] "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." State v. Caraballo (1985), 17 Ohio St.3d 66, 67, citing State v. Peterseim (1980), 68 Ohio App.2d 211, 213, quoting Kadwell v. United States (C.A.9, 1963), 315 F.2d 667.