JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Douglas E. Welty ("defendant"), appeals the trial court's denial of his post-sentence motion to withdraw his guilty plea without an evidentiary hearing. For the reasons that follow, we affirm.
 {¶ 2} On April 6, 2000, defendant was indicted by the Cuyahoga County Grand Jury for breaking and entering. The alleged offense occurred on February 24, 2000 at defendant's place of employment, Modern Technologies. According to the record, defendant used his key to enter the building between the hours of 12:20 a.m. and 1:59 a.m. While inside the building, he stole two portable radios from the offices of other employees, $2.00 in petty cash, and attempted to gain entry into locked filing cabinets.
 {¶ 3} On June 7, 2000, defendant pled guilty to breaking and entering, a felony of the fifth degree. Prior to accepting the guilty plea, the trial court advised defendant of the nature of the charges against him and the potential range of prison terms. The trial court also inquired of defendant as to whether he had time to speak with his attorney regarding the facts of the case. Defendant indicated that he was satisfied with his attorney's representation. The trial court imposed one year of community control sanctions.
 {¶ 4} On August 25, 2005, defendant filed a post-sentence motion to withdraw his guilty plea, which the trial court denied and is now the subject of this appeal. Defendant's two assignments of error shall be addressed together:
 {¶ 5} "I. The trial court denied appellant's motion to withdraw plea contrary to law and in violation of due process when it denied the motion without a hearing and before reading defendant's reply brief.
 {¶ 6} "II. The trial court's failure to find manifest injustice is contrary to law and is based on a finding of facts that are clearly erroneous as shown by the exhibits attached to defendant's motion to withdraw plea."
 {¶ 7} In these assignments of error, defendant argues that the court erred by denying his motion to withdraw his guilty plea without first holding an evidentiary hearing. Defendant also argues that he presented sufficient evidentiary materials to demonstrate that he received ineffective assistance of counsel at the time he entered his plea, and that the court's failure to find manifest injustice is contrary to law.
 {¶ 8} Pursuant to Crim.R. 32.1, the trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "to correct a manifest injustice." "Manifest injustice" is an extremely high standard which permits the court to allow plea withdrawal only in "extraordinary cases." State v. Herrera (Dec. 20, 2001), Allen App. No. 1-011-26. A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion.State v. Blatnik (1984), 17 Ohio App.3d 201, 202.
 {¶ 9} To prevail on his claim that he should have been permitted to withdraw his plea because he received ineffective assistance of counsel, defendant must first show that his counsel's performance was deficient, and second, that there was a reasonable probability that, but for his counsel's error, he would not have pleaded guilty. Strickland v. Washington (1984),466 U.S. 668.
 {¶ 10} Here, defendant was charged with breaking and entering in violation of R.C. 2911.13, which provides, in pertinent part, that no person shall "by force, stealth, or deception * * * trespass in an unoccupied structure, with purpose to commit therein any theft offense."
 {¶ 11} Defendant claims that he received ineffective assistance of counsel when his attorney improperly advised him to plead guilty to the indictment. Specifically, defendant claims that he is not guilty of breaking and entering, as a matter of law, since he neither trespassed nor entered the building through force, stealth, or deception.
 {¶ 12} An employee with the right to enter his employer's premises may be guilty of breaking and entering if he exceeds his right of entry either at the time of entry or as to the portion of the premises entered. State v. Muncey (Feb. 15, 1979), Franklin App. No. 78AP-392. Here, the record indicates that defendant entered the building after business hours[1] and entered into the offices of other employees. Accordingly, although defendant may have had a key to enter the building, he exceeded his right of entry. Moreover, since he entered the offices of other employees, he also exceeded the right of entry. See Id. Accordingly, defendant cannot show that his attorney's recommendation to plead guilty to the crime of breaking and entering was improper or contrary to law.
 {¶ 13} Since defendant would not have prevailed with his motion to withdraw based upon the ineffective assistance of counsel, the trial court did not abuse its discretion in denying defendant's motion without a hearing. See State v. Okogie,
Cuyahoga App. No. 86135, 2006-Ohio-1247 (trial court need not hold an evidentiary hearing on the post-sentence motion to withdraw a guilty plea if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.")
 {¶ 14} Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Blackmon, J., concur.
[1] Defendant cites the police report to state that he entered the building at 2:37 p.m. However, the police report clearly states that 2:37 p.m. is the time that an employee of Modern Technologies called the police department to report the crime, not the time the crime occurred.