Sydney B. **KADWELL**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17943.

United States Court of Appeals Ninth Circuit.

April 4, 1963.

Ronald G. Alberts, Novato, Cal., for appellant.

John W. Bonner, U. S. Atty., Thomas R. C. Wilson, II, Asst. U. S. Atty., and Melvin D. Close, Jr., Reno, Nev., for appellee.

Before ORR, MERRILL and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

Appellant appeared before the District Court on a charge of violating the Dyer Act, 18 U.S.C.A. § 2312. An attorney present in the courtroom was appointed to represent him. Counsel was given a copy of a proposed information and waiver of indictment, and he and appellant were "excused temporarily * * * to consult * * * about this matter." Shortly thereafter[1] appellant appeared again before the court, waived indictment, and tendered a plea of guilty. In response to the court's questions, appellant disclaimed any promise, threat, or coercive influence, and stated that he offered the plea because he was guilty.

The court accepted appellant's plea, and continued the matter three days for sentencing.

On the day set for sentencing, appellant moved to withdraw his plea of guilty. The motion was denied. The entire colloquy between the court and appellant's counsel with respect to the motion is set out in the margin.[2]

Appellant was sentenced and judgment was entered. He appealed, asserting that: (1) the court violated Rule 11, Federal Rules of Criminal Procedure, by accepting appellant's guilty plea without first determining whether it was made with an understanding of the nature of the charge and consequences of the plea; (2) he was denied his Sixth Amendment right to adequate representation by counsel; and (3) the court erred in denying his motion under Rule 32(d), Federal Rules of Criminal Procedure, to withdraw his plea of guilty.

(1) Rule 11 provides that the court "shall not accept" a plea of guilty "without first determining that the plea is

1. Appellant asserts in his brief that "in fact only a matter of minutes elapsed." The record shows the time of both appearances as 10:00 a. m. This is obviously a stenograph error, but it is conceded that both occurred during a single morning court session.

2. "COUNSEL: It is on behalf of the defendant I would like to move to withdraw his plea of guilty and enter a plea of not guilty.

"THE COURT: Why?

"COUNSEL: I was informed by the defendant that he has not had as long consideration as he would have previously like to have entered the plea of guilty, and after three or four days I think he has decided that really he would be in a better position if he had entered a plea of not guilty because he feels he has a meritorious defense to the action.

"THE COURT: Well, that involves the question of which time does the Court —should the Court believe the defendant—I believe he was asked previously if he entered the plea because he thought he was guilty of the charge, and he said yes.

"COUNSEL: That is correct, your Honor.

"THE COURT: In view of that, I do not think the Court should approve the change of the plea.

"COUNSEL: Well, might I go on further and state, that I believe Mr. Kadwell, I have learned subsequently, entered this plea to protect the other person in this matter, the young girl; and on the basis that she would then be returned to Canada that—

"THE COURT: He told me that he did it of his own free will and voluntarily, and it was not because of a promise of a favor or any threat or of any intimidation, I believe.

"COUNSEL: That is correct, he did so state.

"THE COURT: Is there anything else you wish to say?

"COUNSEL: Well, I can't say anything further except that after discussing the matter with Mr. Kadwell, I am also of the opinion that perhaps he may have a defense to the action; and I also am of the opinion that he, apparently, was protecting the young lady who was with him.

"THE COURT: The Court very respectfully considers what counsel has said, and the motion made, but the Court in view of the record in this case, also very respectfully denies the motion."

made voluntarily with understanding of the nature of the charge."[3] The court in the present case determined only that appellant's guilty plea was voluntary. The court did not determine whether the plea was made with understanding of "the nature of the charge"; i. e., the court took no steps to satisfy itself that appellant understood "the *meaning* of the charge, and what acts amount to being *guilty* of the charge, and the *consequences* of pleading guilty thereto." Edwards v. United States, 103 U.S.App. D.C. 152, 256 F.2d 707, 710 (1958).[4]

"[R]eal notice of the true nature of the charge * * * [is] the first and most universally recognized requirement of due process." Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). It is "indispensable

to a valid plea." United States v. Davis, 212 F.2d 264, 267 (7th Cir. 1954). Rule 11 is intended to assure that the defendant possesses that understanding.

We need not decide whether non-compliance with Rule 11 in this case constituted reversible error, as in some circumstances it may.[5] We are satisfied that this omission, together with other factors indicated below, required that appellant's motion under Rule 32(d) to withdraw his plea of guilty be granted.[6]

(2) Similarly, we do not reach the question of whether appellant was denied his constitutional right to effective assistance of counsel,[7] but we hold that the brevity of appellant's consultation with his court-appointed attorney supports the conclusion that denial of

3. The court was required to discharge the duty which the Rule imposed, even though appellant was represented by counsel. "The rule is simply and concisely stated, and it makes no such exception." United States v. Davis, 212 F.2d 264, 267 (7th Cir. 1954). See Domenica v. United States, 292 F.2d 483, 486 (1st Cir. 1961); Gundlach v. United States, 262 F.2d 72, 76 (4th Cir. 1958) (dictum); United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957) (dictum). Of course, "presence of counsel * * * is a circumstance which may fairly be taken into account in determining the nature and extent of the inquiry to be made." Gundlach v. United States, supra at 76.

4. A proposed amendment to Rule 11, recently submitted by the Advisory Committee on Criminal Rules appointed pursuant to 28 U.S.C.A. § 331, would also require the court to make "such inquiry as may satisfy it that the defendant in fact committed the crime charged." Rule 11, Proposed Amendments to Rules of Criminal Procedure, Dec. 15, 1962; 31 F.R.D. No. 5 (Feb. 1963).

5. See Julian v. United States, 236 F.2d 155, 158–159 (6th Cir. 1956). But see United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957).

6. If Rule 11 is not complied with when a guilty plea is accepted, the District Court must make the determination which Rule 11 requires in a subsequent hearing on a motion under Rule 32(d). United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957). Similarly, failure to comply with

Rule 11 may contribute to the necessity for a hearing under 28 U.S.C.A. § 2255. Domenica v. United States, 292 F.2d 483, 486 (1st Cir. 1961); Reed v. United States, 291 F.2d 856 (4th Cir. 1961); United States v. Mack, 249 F.2d 421 (7th Cir. 1957). In the present case, appellant filed a Section 2255 proceeding, prematurely in view of this appeal raising the issues that might be expected.

Conversely, careful compliance with Rule 11 will remove grounds for subsequent motions under Rule 32(d) and Section 2255. As Judge Sobeloff said in Gundlach v. United States, 262 F.2d 72, 76 (4th Cir. 1958): "These rules [Rules 10 and 11] are designed not only to safeguard important rights of defendants, but their observance serves also to protect proper administration of the criminal law. When the trial judge fully complies with these rules and is careful to have the record plainly show that this has been done, it may go far to foreclose irresponsible challenges in the future and the necessity for a hearing under Section 2255 at a time when the facts surrounding the arraignment, plea and sentence may not be as fresh and readily available as they were in this instance." See also Bailey v. United States, 312 F.2d 679, 681 n. 3 (10th Cir. 1963); Reed v. United States, 291 F.2d 856, 858–859 (4th Cir. 1961).

7. Compare Reed v. United States, 291 F. 2d 856, 859 (4th Cir. 1961), with United States v. Wight, 176 F.2d 376, 379 (2d Cir. 1949). Authorities are collected in Brubaker v. Dickson, 310 F.2d 30, 39 n. 48 (9th Cir. 1962).

the motion to withdraw his plea was error.

(3) The right of an accused to trial by jury has a favored place in our law. Concern for its protection is reflected in the statutes by which Congress empowered the Supreme Court to promulgate procedural rules for the federal courts. Section 3772 of Title 18 contains an express proviso that the rules of criminal procedure may not "abridge the right of the accused to apply for withdrawal of a plea of guilty, if such application be made within ten days after entry of such plea, and before sentence is imposed." [8] No other restriction upon the power of the Supreme Court over the content of the Rules was prescribed by Congress.

▮ Accordingly, Rule 32(d) imposes no limitation upon the withdrawal of a guilty plea *before* sentence is imposed, and such leave "should be freely allowed." Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 400 (1957). See also Gearhart v. United States, 106 U.S.App. D.C. 270, 272 F.2d 499, 502 (1959).[9] On

the other hand, withdrawal of a guilty plea *after* sentence is conditioned by Rule 32(d) upon a showing of "manifest injustice." This distinction rests upon practical considerations important to the proper administration of justice.[10] Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe.[11] The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process.

Appellant's motion to withdraw his plea was submitted before sentencing and within three days of his plea of guilty. It was therefore to be freely allowed.[12]

▮ The record disclosed substantial considerations in support of granting the

---

8. See S.Rep.No. 257, 73d Cong., 2d Sess. (1934).

9. Prior to the adoption of the Rules the Supreme Court had said, "The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L. Ed. 1009 (1927).

10. There is a technical basis for the distinction: the plea gains finality from the imposition of sentence, and is merged in the judgment. High v. United States, 110 U.S.App.D.C. 25, 288 F.2d 427, 429 (1961).

11. As the decisions repeatedly emphasize, disappointment in the sentence imposed is no ground for withdrawal of a guilty plea. See, e. g., Verdon v. United States, 296 F.2d 549, 553 (8th Cir. 1961); United States v. Parrino, 212 F.2d 919, 921 (2d Cir. 1954); Friedman v. United States, 200 F.2d 690, 696 (8th Cir. 1952).

12. The colloquy between court and counsel (note 2) suggests that the court may have applied the more exacting standard

applicable to motions filed after sentence. Since Rule 32(d) provides that a plea of guilty may be withdrawn after sentence "to correct manifest injustice," some courts have held that in disposing of such a motion "the guilt or innocence of the petitioner is controlling." Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247, 251 (1960). See also United States v. Parrino, 203 F.2d 284, 286 (2d Cir. 1953). But see Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Woodring v. United States, 248 F.2d 166, 169 (8th Cir. 1957); Friedman v. United States, 200 F.2d 690, 696 (8th Cir. 1952). Guilt or innocence is not relevant, however, in the determination of a motion to withdraw a guilty plea before sentence. See Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 400 (1957). "Where the accused seeks to withdraw his plea of guilty before sentencing, on the ground that he has a defense to the charge, the District Court should not attempt to decide the merits of the proffered defense, thus determining the guilt or innocence of the defendant." Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499, 502 (1959).

motion, and little justifying denial. Appellant was faced with a serious charge. He was far from home. He had neither a lawyer nor funds to employ one. Appointed counsel, apparently selected from those available in the courtroom at the time of arraignment, presumably had no prior knowledge of appellant, of the charge against him, or of the legal and factual issues involved. The period of consultation and opportunity for deliberation were brief at best. Appellant was not informed by the court of either the nature of the accusation or the consequences of his plea. Appellant asserts that he in fact lacked that knowledge, and pleaded guilty under a misapprehension as to the possible penalty and despite the existence of a meritorious defense. No countervailing interest of the court or prosecution weighed against withdrawal; the record discloses no suggestion that either imposition upon the court or prejudice to the prosecution would have resulted.

We conclude that in these circumstances denial of the motion was error.

The judgment is reversed and the case is remanded with directions to permit the appellant to change his plea.[13]

ORR, Circuit Judge.

I dissent.

In this circuit, the granting of a motion to withdraw a plea of guilty is within the sound discretion of the trial court. Goo v. United States, 187 F.2d 62 (9th Cir. 1951); cf. Vasquez v. United States, 279 F.2d 34 (9th Cir. 1960).

A reading of the record fails to convince me that such an abuse occurred in the instant case. It is true that the trial court failed to instruct the appellant of the nature of the charge against him and the penalty prescribed; but this omission, in my opinion, does not justify reversal if it can be reasonably inferred

that a defendant in a given case has that information.

The facts from which such knowledge can be inferred in the instant case are: appellant had appointed counsel, with whom he expressed satisfaction, to consult with; and it appears that he has a prior conviction for an identical offense. He is no novice in the courtroom.

---

13. Dandridge v. United States, 356 U.S. 259, 78 S.Ct. 714, 2 L.Ed.2d 757 (1958), discussed in Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499, 502–503 (1959); Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 400 (1957).