DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Allen J. Robinson, Jr., appeals from the judgment of the Wayne County Municipal Court that denied his post-sentence motion to withdraw his no contest plea. We affirm.
 I. {¶ 2} On March 23, 2004, Mr. Robinson was charged with one count of possession of marijuana, in violation of R.C.2925.11(A), a minor misdemeanor, and one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), and fourth degree misdemeanor.
 {¶ 3} At the arraignment hearing, Mr. Robinson pled no contest to the charges. The trial court then requested a statement of facts from the State. After the prosecution presented the statement, Mr. Robinson advised the court that he did not agree with the State's rendition of the facts. The court advised Mr. Robinson that the choice to plea was his own, but Mr. Robinson nevertheless decided to continue with his no contest plea. The court then found Mr. Robinson guilty of both charges, and sentenced him accordingly. At no time before the court sentenced him did Mr. Robinson request the court to allow him to withdraw his no contest plea.
 {¶ 4} Thereafter, Mr. Robinson filed a letter with the court wishing to withdraw his no contest plea. In this letter, Mr. Robinson asserted that "further, relevant information which came to light during the initial hearing after [his] plea was entered." At a hearing on April 6, 2004, Mr. Robinson's counsel informed the court that Mr. Robinson's wished to withdraw his plea because (1) he disagreed with the statement of facts as presented by the prosecution, and (2) he was unhappy with the fact that he had not received his bond money. The court denied Mr. Robinson's motion to withdraw his plea, stating that he had failed to demonstrate manifest injustice.
 {¶ 5} Mr. Robinson filed a delayed notice of appeal to this Court, but we allowed the delayed appeal pursuant to App.R. 5. Mr. Robinson asserts one assignment of error for review.
 II. Assignment of Error
"The trial court abused its discretion in refusing to allow appellant to withdraw his plea of `no contest'."
 {¶ 6} In his sole assignment of error, Mr. Robinson contends that the trial court abused its discretion in not allowing him to withdraw his no contest plea. Mr. Robinson asserts that a manifest injustice occurred because his conviction was based on facts that he believes were inaccurate. We disagree.
 {¶ 7} The appellate standard of review for a motion to withdraw a guilty plea is limited to a determination of an abuse of discretion by the trial court. State v. Honorable (Sept. 23, 1987), 9th Dist. No. 13076, citing State v. Peterseim (1980),68 Ohio App.2d 211, paragraph two of the syllabus. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. State ex rel. V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred, and must affirm the trial court's decision. State v. Xie
(1992), 62 Ohio St.3d 521, 526, citing Barker v. United States
(C.A.10, 1978), 579 F.2d 1219, 1223. Furthermore, the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. Statev. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus.
 {¶ 8} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The rule thus sets forth a standard by which post-sentence withdrawals of guilty pleas may be assessed, the "manifest injustice" standard. Crim.R. 32.1;Smith, 49 Ohio St.2d at paragraph one of the syllabus. Under this standard, a post-sentence motion should be allowed only in extraordinary situations. Smith, 49 Ohio St.2d at 264, citingUnited States v. Semel (C.A.4, 1965), 347 F.2d 228, 229. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading * * * to test the weight of potential punishment." Smith, 49 Ohio St.2d at 264, citingKadwell v. United States (C.A.9, 1963), 315 F.2d 667, 670.
 {¶ 9} In the present case, the transcript of the plea hearing reveals that before Mr. Robinson pled no contest, the court informed him of the meaning and consequences of his plea. See Crim.R. 11(B)(2). Mr. Robinson indicated to the court that he understood the meaning and implications of a no contest plea. When the trial court subsequently denied Mr. Robinson's motion, it noted that "[i]t appears that this motion has more to do with the def[endant] not liking the sentence and the use of his bond money to pay fines and costs rather than any alleged injustice." The transcript of the motion hearing corroborates these facts. This case represents the exact sort of predicament that the manifest injustice standard seeks to avoid. See Smith,49 Ohio St.2d at 264; Kadwell, 315 F.2d at 670.
 {¶ 10} Therefore, we cannot find that the trial court abused its discretion in concluding that Mr. Robinson failed to demonstrate manifest injustice and in consequently denying his motion to withdraw his no contest plea. Accordingly, Mr. Robinson's sole assignment of error is overruled.
 III. {¶ 11} Mr. Robinson's sole assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Slaby, J., Concur.