[Cite as *State v. Lewis*, 2016-Ohio-2716.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 0071 |
| V. | ) | |
| | ) | OPINION |
| MICHAEL LEWIS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 14 CR 83

JUDGMENT:                     Motion sustained. Judgment affirmed.

APPEARANCES:
For Plaintiff-Appellee         No brief filed

For Defendant-Appellant        Attorney Joshua R. Hiznay
                               1040 S. Common Place, Suite 202
                               Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                               Dated: April 19, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, Michael Lewis, appeals from a Mahoning County Common Pleas Court judgment overruling his motion to withdraw his guilty plea to five counts of rape.

{¶2} On January 30, 2014, a Mahoning County Grand Jury indicted appellant on ten counts of rape, first-degree felonies in violation of R.C. 2907.02(A)(1)(b)(B), with life in prison specifications, and one count of endangering children, a third-degree felony in violation of R.C. 2919.22(A)(E)(2)(c).

{¶3} Pursuant to plea negotiations, plaintiff-appellee, the State of Ohio, amended the indictment to eliminate the life specifications, dismissed five counts of rape, and dismissed the endangering children count. Appellant then pleaded guilty to five counts of rape on September 3, 2014. The trial court set the matter for sentencing.

{¶4} On October 17, 2014, the trial court sentenced appellant to nine years for each of the five rape counts to be served concurrently for a total sentence of nine years in prison. The court also classified appellant as a Tier III sex offender.

{¶5} Five months later, on March 23, 2015, appellant filed a motion to withdraw his guilty plea. Appellant asserted that he was in fact not guilty and that he entered his plea without understanding the nature of the charge and the effect of his plea on his rights. He further asserted his counsel misled him and was dissatisfied with his counsel's advice. The trial court overruled appellant's motion on April 13, 2015.

{¶6} Appellant filed a notice of appeal on May 5, 2015. The notice stated that appellant was appealing from his sentencing judgment entry, which was entered on October 17, 2014. This court granted appellant 30 days to either file a motion for a delayed appeal or to amend his notice of appeal to identify the April 13, 2015 judgment entry as the order sought to be reviewed. Appellant did neither. Consequently, on November 3, 2015, we put on a judgment entry stating that appellant had not filed a motion for delayed appeal and had not amended his notice of appeal. Therefore, we stated that because the notice of appeal was timely as to

the April 13, 2015 judgment entry, our review would be limited to that judgment overruling appellant's motion to withdraw his plea.

{¶7}   Appellant's appointed counsel has filed a no merit brief and request to withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970). In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶8}   The procedure set out in *Toney*, at the syllabus, is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

{¶9}   This court informed appellant that his counsel filed a *Toney* brief. Appellant did not file a pro se brief. Likewise, the state did not file a brief.

**{¶10}** Appellant's counsel did examine a potential issue as to whether the trial court erred by failing to correct a manifest injustice in overruling appellant's motion to withdraw his guilty plea. Counsel found this issue to be without merit, however.

**{¶11}** Given that this is an appeal from the overruling of a motion to withdraw a guilty plea, the only potential issue to consider is whether the trial court abused its discretion in overruling the motion.

**{¶12}** The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶13}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d at 526.

**{¶14}** The burden of establishing the existence of manifest injustice is on the individual seeking to vacate the plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Under the manifest injustice standard, a post-sentence motion to withdraw a plea is allowed only in extraordinary cases. *Id.* at 264. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." *Id.*, citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir.1963).

**{¶15}** Furthermore, although there is no time limit to make this motion after a sentence is imposed, an undue delay between the time when the motion is filed and the reason for filing the motion is a factor adversely affecting the credibility of the movant. *Id.* at paragraph three of the syllabus.

{¶16} Appellant alleged in his motion to withdraw his plea that he was not guilty and that he entered his plea without understanding the nature of the charges and the effect of his plea on his rights. He also alleged his counsel misled him, he was dissatisfied with his counsel's advice, and his counsel influenced a plea that was not in his best interest. He did not elaborate or offer any further support.

{¶17} At the plea hearing, the trial court took careful effort to describe to appellant the nature of the charges he was facing. The court explained:

> What you're saying to me today, Mr. Lewis, is, Judge, I want to withdraw my former pleas of not guilty and plead guilty, admit my guilt, to the five counts of rape. These are now felonies of the first degree. Felonies of the first degree carry with them possible sentences of ten years each; possible fines of a maximum of $20,000 each. Prison is presumed necessary. It's mandatory that you go to prison.

(Plea Tr. 6-7). Appellant stated that he understood these things. (Plea Tr. 7). The court also discussed appellant's satisfaction with his counsel:

> THE COURT: All right. Your lawyer has - - I've found him in the past and during this case to be familiar with the facts, the law, and working diligently on your behalf to get you what he believes is the best possible outcome. And has he related to you all that has transpired and let you know in each stage what was going on and are you satisfied with his representation?
>
> THE DEFENDANT: I can say - - I can say that I am.
>
> THE COURT: You can say that you are satisfied?
>
> THE DEFENDANT: Yes, sir.

(Plea Tr. 7).

{¶18} Thus, the court made certain to inform appellant regarding the nature of the charges and to inquire as to appellant's satisfaction with his counsel.

{¶19} Before he entered his plea, appellant was facing ten counts of rape with life specifications and one count of endangering children. By entering into the plea deal, appellant eliminated the life specifications, cut the number of rape counts in half, and eliminated the endangering children count. In other words, before the plea deal appellant was facing the possibility of ten life sentences plus a sentence on the endangering children count if he was convicted. After the plea deal, appellant was facing only five sentences, none of which included life specifications. Thus, the plea deal significantly reduced the amount of prison time appellant faced.

{¶20} Moreover, appellant waited more than five months after the court sentenced him and more than six months after he entered his guilty plea to file his motion to withdraw his plea. He offers no explanation why he waited so long.

{¶21} Finally, the trial court was not required to hold a hearing on appellant's motion. A hearing is not required on a post-sentence Crim.R. 32.1 motion if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn. *State v. Snyder*, 7th Dist. No. 08-JE-27, 2009-Ohio-4813, ¶ 15, citing *State v. Blatnik*, 17 Ohio App.3d 201, 204, 478 N.E.2d 1016 (6th Dist.1984). Thus, a defendant is only entitled to a hearing on a motion to withdraw if the trial court determines the defendant alleged facts sufficient to prove a manifest injustice. *Id.*

{¶22} Appellant did not allege any facts that, if accepted as true, would require the withdrawal of his plea. In his motion, appellant only made a few brief claims that he did not understand the charges and he was dissatisfied with his counsel's advice. But, as discussed above, the trial court's colloquy with appellant demonstrated that appellant was informed of the charges against him and that he was satisfied with his counsel. Moreover, given the charges appellant initially faced, his counsel was able to negotiate a favorable plea deal for appellant.

{¶23} In sum, the potential assignment of error identified by appellant's appointed counsel is without merit. Furthermore, upon review of the case file and appellate filings, there do not appear to be any appealable issues.

{¶24} For the reasons stated above, the trial court's judgment is hereby affirmed and counsel's motion to withdraw is granted.

DeGenaro, J., concurs.

Robb, J., concurs.