[Cite as *State v. Martin*, 2016-Ohio-7916.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 BE 0045 |
| V. | ) | |
| | ) | OPINION |
| MATTHEW JAMES MARTIN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Court of Common
                                 Pleas of Belmont County, Ohio
                                 Case No. 15 CR 83

JUDGMENT:                        Affirmed

APPEARANCES:
For Plaintiff-Appellee            No brief filed

For Defendant-Appellant           Attorney John M. Jurco
                                 P.O. Box 783
                                 St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: November 17, 2016

DONOFRIO, P.J.

{¶1} Defendant-appellant, Matthew Martin, appeals from a Belmont County Common Pleas Court judgment overruling his post-sentence motion to withdraw his guilty plea to a single count of having a weapon under a disability.

{¶2} On April 1, 2015, a Belmont County Grand Jury indicted appellant on one count of having a weapon under a disability, a third-degree felony in violation of R.C. 2923.13(A)(2), and one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1). Appellant initially entered a not guilty plea.

{¶3} On May 21, 2015, appellant entered into a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the plea agreement, appellant pleaded guilty to the charge of having a weapon under a disability. In exchange, the state agreed to dismiss the charge of tampering with evidence. The trial court accepted appellant's plea, found him guilty of having a weapon under a disability, and set the matter for a sentencing hearing.

{¶4} A week after entering his plea and several days before his sentencing hearing, appellant filed a motion to withdraw his guilty plea. As a basis for his motion, appellant stated that at the time he entered the plea he was under great stress, having great difficulty adjusting to the Belmont County Jail, and was in such a state of turmoil that he preferred going to prison rather than to spend any more time in jail. He further stated that since he entered his plea, his mental state had improved and he was doing fine in jail. Therefore, he wished to withdraw his plea and assert his innocence. He also stated he believed the state would not be able to produce a key witness.

{¶5} The court set appellant's motion for a hearing. At the hearing, however, appellant withdrew his motion to withdraw his plea and stated that he wished to proceed with sentencing. Therefore, the trial court moved on to sentence appellant. The court sentenced appellant to 30 months in prison.

{¶6} Appellant filed a pro se motion for delayed appeal and a notice of appeal on July 10, 2015, listing the court's June 4, 2015 judgment entry of sentence as the judgment he was appealing from.

{¶7} The same day that appellant filed the motion for delayed appeal in this court, he also filed a new pro se motion to withdraw his guilty plea in the trial court. He again stated

that he was not thinking clearly when he entered his guilty plea due to his addiction, mental health issues, and issues at the jail. Appellant also filed a motion for jail-time credit, a motion for appointment of appellate counsel, and a motion for preparation of his transcripts at the state's expense.

**{¶8}** On July 13, 2015, the trial court overruled appellant's motion to withdraw his guilty plea. It noted that the reasons expressed by appellant were essentially the same reasons he put forth in his pre-sentence motion to withdraw his plea, which he withdrew. The court found that appellant failed to demonstrate a manifest injustice. As to his other motions, the trial court granted appellant's motions for appointed appellate counsel and for transcripts at the state's expense. It took appellant's motion for jail-time credit under advisement, pending responses from the state and the probation department.

**{¶9}** We granted appellant's motion for a delayed appeal on August 5, 2015. As will be seen below, appellant does not take issue with his judgment entry of sentence. His only assignment of error asserts that the trial court erred in overruling his post-sentence motion to withdraw his guilty plea. For this ruling, appellant's notice of appeal was actually premature, not late.

**{¶10}** Appellant now raises a single assignment of error that states:

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

**{¶11}** Appellant argues the trial court abused its discretion in denying his motion to withdraw his plea because he demonstrated a manifest injustice. He points out that the trial court recognized that his plea was the result of his mental distress from being held in jail, the withdrawal symptoms of his crack cocaine addiction, and using a guilty plea as his way out of the county jail. Appellant then references his presentence motion to withdraw his plea (which motion he withdrew) and a letter he wrote to the trial court where he described his stress and addiction.

**{¶12}** The decision to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715

(1992). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶13}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d at 526.

**{¶14}** The burden of establishing the existence of manifest injustice is on the individual seeking to vacate the plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Under the manifest injustice standard, a post-sentence motion to withdraw a plea is allowed only in extraordinary cases. *Id*. at 264. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." *Id*., citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir.1963).

**{¶15}** Furthermore, although there is no time limit to make this motion after a sentence is imposed, an undue delay between the time when the motion is filed and the reason for filing the motion is a factor adversely affecting the credibility of the movant. *Id*. at paragraph three of the syllabus.

**{¶16}** At the change of plea hearing where appellant entered his guilty plea, the trial court took careful effort to ensure that appellant understood his rights and the effect of his plea.

**{¶17}** The court inquired of appellant if he understood what he was doing and if he was entering his plea voluntarily. (Plea Tr. 3). The court explained appellant's rights to him and appellant indicated that he understood them. (Plea Tr. 9-11). The court inquired of appellant if he was satisfied with his counsel's representation and appellant indicated that he was. (Plea Tr. 7). The court explained the possible penalties appellant faced and the ramifications of a prison sentence, which appellant stated that he understood. (Plea Tr. 8-9). There was no indication at the change of plea hearing that appellant did not understand what

he was doing or that he was uninformed in any way.

**{¶18}** Approximately a week later, appellant filed a motion to withdraw his plea. In his motion, appellant stated that when he entered the plea he was under great stress, he was having great difficulty adjusting to the Belmont County Jail, and he was in such a state of turmoil that he preferred going to prison rather than to spend any more time in jail. He further stated that since he entered his plea, his mental state had improved and he was doing fine in jail. But when he appeared for the hearing on his motion to withdraw his plea, appellant's counsel informed the court that appellant wanted to withdraw his motion and proceed with sentencing. (Sen. Tr. 2). Appellant's counsel told the court appellant knew he was going to be sentenced to prison and was anxious to proceed. (Sen. Tr. 3-4). Appellant also addressed the court and stated that he knew he was going to prison and wanted to get it over with as fast as possible. (Sen. Tr. 8). Consequently, the court proceeded to sentence appellant.

**{¶19}** Approximately one month later, appellant filed his post-sentence motion to withdraw his plea. As the trial court pointed out, appellant asserted essentially the same reasons that he asserted in his presentence motion to withdraw his plea, which he withdrew.

**{¶20}** The trial court did not abuse its discretion in denying appellant's post-sentence motion to withdraw his plea. The court found that appellant did not prove a manifest injustice as is required for a post-sentence motion to withdraw a guilty plea. Appellant had already filed a presentence motion to withdraw his plea, which he withdrew. At the hearing where he withdrew his motion, he expressed to the court that he knew he was going to prison and wanted to get this matter over with. If appellant truly believed he should not have entered his guilty plea because he was not of the proper state of mind when he entered the plea, then presumably he would not have withdrawn his motion and asked the court to proceed with sentencing. There is nothing in the record to indicate that the trial court acted arbitrarily, unconscionably, or unreasonably in denying appellant's motion.

**{¶21}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶22}** For the reasons stated above, the trial court's judgment is hereby affirmed. DeGenaro, J., concurs.

Robb, J., concurs.