[Cite as *State v. Jackson*, 2017-Ohio-1296.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 15 MA 0126 |
| V. | ) | |
| | ) | OPINION |
| BRANDON JACKSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 13 CR 193, 13 CR 271A

JUDGMENT:                                        Affirmed

APPEARANCES:
For Plaintiff-Appellee                          Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., Suite 600
Youngstown, Ohio 44503

For Defendant-Appellant                     Attorney Scott C. Essad
721 Boardman-Poland Rd. Suite 201
Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl Waite
Hon. Mary DeGenaro

Dated: March 7, 2017

DONOFRIO, J.

{¶1} Defendant-appellant, Brandon Jackson, appeals from a Mahoning County Common Pleas Court judgment overruling his post-sentence motions to withdraw his guilty pleas.

{¶2} Appellant's motions to withdraw his guilty pleas stemmed from two separate criminal cases. Appellant reached a plea agreement with plaintiff-appellee, the State of Ohio, in both cases. In the first case (13 CR 193), appellant pleaded guilty to one count of possession of heroin, two counts of possession of cocaine, improper handling of a firearm in a motor vehicle, and having weapons under a disability. And in the second case (13 CR 271A), appellant pleaded guilty to three counts of felonious assault, two counts of having weapons under disability, and one count of intimidation with a firearm specification.

{¶3} The two cases proceeded to a single sentencing hearing on July 16, 2013. In case 13 CR 193, the trial court sentenced appellant to eight years on the possession of heroin count and one year on each of the other four counts, to be served concurrently, for a total sentence of eight years. In case 13 CR 271A, the court sentenced appellant to seven years on each of the three felonious assault counts, to be served concurrent with each other; three years on both of the having weapons under disability counts, to be served concurrent with each other and with the felonious assaults sentences; three years on the intimidation count, to be served concurrent to the other sentences; and three years on the firearm specification, to be served consecutive to the other sentences for a total sentence of ten years. The court ordered the sentence from 13 CR 271A to be served consecutive to the sentence in 13 CR 193. Thus, appellant's total sentence for both cases was 18 years.

{¶4} Appellant filed a direct appeal with this court. *State v. Jackson*, 7th Dist. No. 13 MA 121, 2014-Ohio-2249. Appellant argued his counsel was ineffective in case 13 CR 193 for withdrawing a suppression motion and that the court erred in failing to inform him which sentence he was to serve first. This court overruled appellant's assignments of error and affirmed the trial court's judgment. *Id.* at ¶ 46.

**{¶5}** Next, on November 3, 2014, appellant filed identical pro se motions to withdraw his guilty pleas in both cases. He asserted he did not enter his pleas knowingly, voluntarily, and intelligently because his counsel misled and coerced him into pleading guilty. He claimed the plea agreement was that he would receive a total sentence of ten years but instead he received a total sentence of 18 years. The state filed responses urging the court to overrule the motions. The trial court overruled both motions in a January 15, 2015 judgment entry. Appellant did not appeal from this judgment entry.

**{¶6}** On April 15, 2015, appellant once again filed identical pro se motions to withdraw his guilty pleas in both cases. This time appellant argued he expressed his preference to go to trial with his counsel yet his counsel advised him to cooperate with the state and enter a guilty plea. The state filed responses to appellant's motions arguing appellant was afforded full plea hearings before entering his guilty pleas and his desire to go to trial was not a valid reason to withdraw his pleas. The trial court overruled appellant's motions in a June 2, 2015 judgment entry.

**{¶7}** Appellant filed a notice of appeal and a motion for a delayed appeal on July 31, 2015. This court granted appellant's motion for delayed appeal. We also appointed counsel. Nonetheless, appellant filed a pro se brief. In this case, we will consider counsel's brief and appellant's pro se brief.

**{¶8}** Appellant's counsel now raises a single assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S POST-SENTENCING MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT A HEARING. THE APPELLANT'S MOTION CLAIMED THAT HIS DEFENSE COUNSEL COERCED HIM TO CHANGE HIS PLEA TO GUILTY AND THAT APPELLANT WAS LED TO BELIEVE THAT IN CHANGING HIS PLEA, HIS SENTENCES WOULD RUN CONCURRENTLY RATHER THAN CONSECUTIVELY. THAT CONFUSION – THE SOLE REASON FOR APPELLANT'S CHANGE OF PLEA TO BEGIN WITH – WARRANTED A HEARING ON

APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

**{¶9}** Appellant argues the trial court erred in failing to hold a hearing on his post-sentence motions to withdraw his plea. He states that in his first motion to withdraw his plea, he indicated that his attorney misled and coerced him into pleading guilty by presenting to him that he would serve all sentences concurrently for a total sentence of 10 years. Appellant asserts he was entitled to a hearing on his post-sentence motions to withdraw his pleas because the facts he alleged, if accepted as true, would require the court to grant the motions.

**{¶10}** The trial court was not required to hold a hearing on appellant's motions. A hearing is not required on a post-sentence Crim.R. 32.1 motion if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn. *State v. Snyder*, 7th Dist. No. 08-JE-27, 2009-Ohio-4813, ¶ 15, citing *State v. Blatnik*, 17 Ohio App.3d 201, 204, 478 N.E.2d 1016 (6th Dist.1984). Thus, a defendant is only entitled to a hearing on a motion to withdraw if the trial court determines the defendant alleged facts sufficient to prove a manifest injustice.

**{¶11}** Appellant did not allege any facts that, if accepted as true, would require the withdrawal of his plea.

**{¶12}** Appellant filed two sets of pro se, post-sentence motions to withdraw his guilty pleas.

**{¶13}** Appellant filed his first set of post-sentence motions to withdraw his pleas on November 3, 2014 (first motions). In those motions, appellant alleged his counsel was ineffective for various reasons including that counsel "misled and coerced defendant into pleading guilty" and represented that under the terms of the plea agreement he would serve concurrent sentences for a total of ten years in prison. The trial court overruled appellant's November 3 motions on January 15, 2015. Appellant did not appeal from the January 15 judgment.

**{¶14}** Appellant filed his second set of post-sentence motions to withdraw his guilty pleas on April 15, 2015 (second motions). In those motions, appellant admitted

the trial court's Crim.R. 11(C) colloquy when he entered his pleas was "careful and meticulous." He stated the basis of his motions to withdraw his pleas was his "expressed preference to exercise his right to trial," which was different than his counsel's advice, which was "that cooperation with the State was a better course than requiring the State to prove its case against him at trial." The trial court overruled appellant's second motions on June 2, 2015. The current appeal stems from this judgment.

{¶15} Appellant did not appeal from the trial court's denial of his first motions where he alleged his counsel misled and coerced him into pleading guilty. Thus, appellant's first motions are not before us for review and we cannot consider their contents in determining whether the trial court should have held a hearing on appellant's second motions.

{¶16} The basis for appellant's second motions was that he wished he would have gone to trial instead of listening to his counsel's advice to cooperate with the state. The fact that appellant wishes he would have gone to trial is not a basis to grant his post-sentence motions to withdraw his pleas. Moreover, appellant did not allege any facts that, if accepted as true by the trial court, would require the court to permit appellant to withdraw his guilty pleas.

{¶17} Accordingly, the assignment of error raised by appellant's counsel is without merit and is overruled.

{¶18} Appellant also raises one pro se assignment of error. Appellant's pro se assignment of error states:

> THE COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.

{¶19} Appellant argues the basis of his motions to withdraw his guilty pleas was that he expressed a desire to go to trial. He contends his wish to go to trial was contrary to the advice he received from his counsel. Appellant asserts he entered his plea on the advice of his counsel that his cooperation with the state was a better

course of action than requiring the state to prove its case against him at trial. He claims this amounted to ineffective assistance of counsel because he told his counsel he was innocent. Therefore, appellant suggests his pleas were not knowing, voluntary, and intelligent.

**{¶20}** The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶21}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d at 526.

**{¶22}** The burden of establishing the existence of manifest injustice is on the individual seeking to vacate the plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Under the manifest injustice standard, a post-sentence motion to withdraw a plea is allowed only in extraordinary cases. *Id*. at 264. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." *Id*., citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963).

**{¶23}** Furthermore, although there is no time limit to make this motion after a sentence is imposed, an undue delay between the time when the motion is filed and the reason for filing the motion is a factor adversely affecting the credibility of the movant. *Id*. at paragraph three of the syllabus.

**{¶24}** Appellant admits in his brief that the trial court's colloquies with him when he entered his guilty pleas were "careful and meticulous."

**{¶25}** At the change of plea hearing in case 13 CR 193, the trial court advised appellant of the nature of charges he was pleading guilty to: "Possession of Heroin, a Felony Two; Possession of Cocaine a Felony Four; Possession of Cocaine, a Felony Five; Improper Handling of a Firearm in a Motor Vehicle, Felony Four; Having Weapons While Under Disability, a Felony Three; and a Forfeiture Specification." (May 9, 2013 Tr. 5). The court went on to ask appellant if he understood that if he entered a guilty plea, he was admitting each and every element of each offense and it was a complete admission of his guilt, to which appellant responded "yes." (May 9, 2013 Tr. 5-6).

**{¶26}** The court asked appellant if he was satisfied with the legal representation and advice he received from his counsel. (May 9, 2013 Tr. 6). Appellant responded, "Yes, sir." (May 9, 2013 Tr. 6).

**{¶27}** And the court informed appellant that he could go to trial instead of pleading guilty. (May 9, 2013 Tr. 6). The court advised appellant of all the rights appellant would have if he went to trial. (May 9, 2013 Tr. 6-7). Appellant indicated that he understood these rights. (May 9, 2013 Tr. 7).

**{¶28}** Finally, the court informed appellant of the sentences he faced and that he faced a sentence of up to 15 years. (May 9, 2013 Tr. 8-10). And the court stressed that appellant's sentence was entirely up to it, regardless of any recommendation. (May 9, 2013 Tr. 16).

**{¶29}** Thus, the trial court conducted a thorough change of plea hearing in case 13 CR 193.

**{¶30}** In case 13 CR 271A, the prosecutor stated the nature of the charges. (May 23, 2013 Tr. 2-3). The court then asked appellant if he understood the nature of the charges and their elements, to which appellant responded "yes." (May 23, 2013 Tr. 4). And the court advised appellant that by pleading guilty he was admitting each element of each offense and completely admitting his guilt. (May 23, 2013 Tr. 4).

**{¶31}** The court informed appellant that he could go to trial instead of pleading

guilty. (May 23, 2013 Tr. 4). The court advised appellant of the rights he waived by pleading guilty. (May 23, 2013 Tr. 4-5). Appellant indicated that he understood he was waiving these rights. (May 23, 2013 Tr. 5).

**{¶32}** And the court informed appellant of the potential sentences he faced. (May 23, 2013 Tr. 6-7). The court informed appellant that he faced a total sentence of up to 36 years. (May 23, 2013 Tr. 7). And the court stressed that appellant's sentence was entirely up to it, regardless of any recommendation. (May 23, 2013 Tr. 9-10).

**{¶33}** Thus, the trial court also conducted a thorough change of plea hearing in case 13 CR 271A.

**{¶34}** Appellant filed these motions to withdraw his pleas more than one-and-a-half years after the court sentenced him and nearly two years after he entered his guilty pleas. He also waited almost a year after this court decided his direct appeal. He offers no explanation as to why he waited so long. And appellant's only basis for his motions is that he wanted to go to trial and his counsel advised him to plead guilty. If this was indeed the case, appellant could have filed his motion to withdraw his plea during the two-month time span between when he entered his pleas and when the court sentenced him.

**{¶35}** Accordingly, appellant's pro se assignment of error is without merit and is overruled.

**{¶36}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.